## In re E. BEAN & SON CO.

(District Court, S. D. Florida. March 7, 1924.)

No. 2456.

Bankruptcy ⊙196—Right to assert lien as against trustee held lost by laches.

An execution creditor, whose execution was a lien on personal property of the debtor under the state statute, but who for six years caused no levy to be made on certain property, which in the meantime was sold by debtor to bankrupt, and passed into the hands of his trustee, *held* not entitled to assert his lien as against the trustee, on the ground that he did not previously know that his debtor had owned the property, in view of Bankruptcy Act, § 47, as amended (Comp. St. § 9631).

In Bankruptcy. In the matter of the E. Bean & Son Company, a corporation, bankrupt. On review of order of referee. Petition denied.

Sabel & Reinstine, of Jacksonville, Fla., for petitioner.

Baker & Baker, of Jacksonville, Fla., for excepting creditors.

Watson & May, of Jacksonville, Fla., for trustee.

Marks, Marks & Holt, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the petition of the Security Company, a corporation, to review the order of the referee, made herein February 5, 1924, denying the petition to have certain executions, issued out of the courts of Duval county, against the Enterprise Lumber & Box Company, a Florida corporation, in August, 1915, and October, 1916, declaring a prior lien upon certain machinery, property of the bankrupt coming to the hands of the trustee. The involuntary petition in bankruptcy was filed December 27, 1922, and adjudication made on March 31, 1923. The petition of the Security Company was presented to the referee and filed June 29, 1923, and an amendment thereto made October 8, 1923.

The amended petition shows the dates of the issue of the executions; the placing same in the hands of the sheriff of Duval county, where same have since remained unsatisfied; the levy of the execution issued October, 1916, on certain personal property, sale of same, and credit of proceeds upon the execution; that the personal property sought to be subjected to the lien of the executions was at the time of the issuance of such executions the property of and in the possession of the execution defendant; that said personal property was, at the date of filing the involuntary petition in bankruptcy and date of adjudication, the property of and in possession of the bankrupt, and came to the hands of the trustee; that the execution issued October, 1916, was based upon a judgment entered in a distraint proceeding; and the amendment filed shows it did not know that the execution defendant was the owner and in possession of the personal property before the petition in bankruptcy was filed, or that the bankrupt had acquired ownership of and was in possession of said property prior to the bankruptcy proceedings, and had no knowledge of the ownership of execution defendant of said property at the time of levy and sale un-

⊙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

der the October, 1916, execution of certain other personal property of the execution defendant. To this petition the trustee and a creditor filed exceptions and objections on various grounds.

As I understand the referee's order, the disallowance of the lien claimed is based upon the laches of the execution creditor in seeking to enforce the lien of the executions given by the Florida statute on personal property. In deciding the questions raised on this certificate of review, it is necessary that the position of the trustee in regard to this particular property should be borne in mind. Section 47 of the Bankruptcy Act, as amended (Comp. St. § 9631), provides that the trustee, as to all property coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien thereon by legal or equitable proceedings. Therefore the trustee in the instant case occupies the position of an execution creditor, and the petition is to be tested as though the petitioner, which had an execution lien for some six years unenforced against this property, was now seeking to secure payment out of the property to the exclusion of the junior lienor.

Is it sufficient to accomplish this purpose for it to come in and say, "I did not know that the debtor owned the property at the time of the judgment and execution, before the petition in bankruptcy was filed, and I used 'due diligence'"? That is what he says in his petition, in effect. This court, in administering estates of bankrupts for the benefit of creditors, is governed by equitable principles; and, applying these principles to the instant case, I am of opinion that the referee did not err in refusing the prayer of the petition. It seems to me that it would be highly inequitable to allow a creditor, who was the landlord of the debtor, to stand idly by and allow his tenant, against whom he had procured a judgment, to sell to other parties personal property to which his execution lien attached, purchase another judgment entered against his tenant, prior to his, some five years after the entry, and then, when a junior lienor was attempting to make his claim, step in and say, "Hold on, I have a prior lien," and then excuse his long delay by saying, "I did not know." Especially is this so when the property sought to be taken was vested in a stranger to the original proceedings, upon the ownership of which property credit has been extended, and the court of bankruptcy is administering it for the payment of the stranger's debt.

The petition to review will be denied.